IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| REINA RODRIGUEZ and ALEXIS PARET<br><br>Plaintiffs,<br><br>v.<br><br>NARMADA ASSOCIATES, INC. d/b/a OCTANE OF DARIEN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>) |

## COMPLAINT

**COME NOW,** Reina Rodriguez and Alexis Paret, Plaintiffs in the above-styled action, and file their Complaint against Defendant Narmada Associates, Inc. d/b/a Octane of Darien, showing the Court the following:

### I.   PARTIES, JURISDICTION AND VENUE

1. Plaintiffs Reina Rodriguez and Alexis Paret are citizens and residents of the state of Florida.

2. Upon information and belief, Defendant Narmada Associates, Inc. d/b/a Octane of Darien ("Octane") is a Georgia corporation. Defendant, who operates El Cheapo Texaco Truck Center, 13109 Georgia Highway 251, Darien, GA 31305, may be served with process

through its registered agent Mital Bava at 13109 Georgia Highway 251, Darien, GA 31305.

3. The events giving rise to this lawsuit occurred within the Brunswick Division of the Southern District of Georgia.

4. Plaintiffs Reina Rodriguez and Alexis Paret seek damages in excess of seventy-five thousand dollars ($75,000.00).

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.S. § 1332.

## II. FACTUAL ALLEGATIONS

6. Plaintiffs renew and reaffirm each and every allegation set forth in paragraphs 1 through 5 above.

7. Upon information and belief, Defendant owns and/or operates the El Cheapo Texaco Truck Center, 13109 Georgia Highway 251, Darien, GA 31305.

8. Upon information and belief, Defendant was responsible for properly maintaining, properly marking and repairing the ingress and egress for the subject store.

9. On May 24, 2020, Plaintiffs traveled to the subject store.

10. As Plaintiff Reina Rodriguez entered the subject store and was in the process of traversing the front threshold, she tripped and fell on a raised doorframe at the entrance of the building.

11. Given the condition and color of the surface of the subject entranceway and the positioning of the threshold compared to the exterior sidewalk, Plaintiff Reina Rodriguez was not able to visibly notice the difference in height of the door frame.

12. At the time of the fall described herein, the subject entranceway was unsafe as no signage, marking or other cautionary material was in use.

13. Defendant knew or should have known about the dangerous condition of the subject entranceway before Plaintiff's fall.

14. Defendants did not warn patrons, including Plaintiff Reina Rodriguez, of the dangerous condition of the subject entranceway.

15. The dangerous condition of the subject entranceway was not readily apparent to the average person.

16. Plaintiff Reina Rodriguez was without any knowledge of the dangerous condition of the subject entranceway before she fell.

17. Plaintiff was in no way negligent or contributed to this incident.

18. As a result of her fall, Plaintiff Reina Rodriguez suffered severe and permanent injuries.

## III. CAUSES OF ACTION

### *Count I - Negligence*

19. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 18 as if fully contained herein.

20. As the owners, occupiers and/or entities of the subject store, Defendant had a duty of ordinary care in keeping the premises safe to business invitees.

21. Defendant was negligent in, but not limited to, the following particulars:

    a)  Failing to properly inspect the subject entranceway;

    b)  Failing to warn customers of the hazardous condition that caused Plaintiff to fall;

    c)  Failing to properly mark the subject entranceway so as to warn patrons of the change in elevation; and

    d)  Failing to maintain the subject entranceway in a safe condition.

22. Defendant's breach of its duty was the proximate cause of Plaintiffs' injuries.

23. Plaintiffs are entitled to damages for the injuries they have sustained as a result of Defendant's breach of duty.

## Count II - Premises Liability

24. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 23 as if fully contained herein.

25. As the owner, occupier and/or maintainer of the subject store, Defendant had a duty of ordinary care in keeping the premises, including the subject entranceway, safe to business invitees.

26. Plaintiff Reina Rodriguez was present at the subject store and was, thus, a business invitee to whom Defendant owed a duty of ordinary care.

27. Defendant breached the duty owed to Plaintiffs, and the breach of its duty was the proximate cause of Plaintiffs' injuries.

28. Plaintiffs are entitled to damages for the injuries they have sustained as a result of Defendant's breach of duty.

## Count III – Loss of Consortium

29. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 28 as if fully contained herein.

30. As a direct and proximate cause of Defendant's actions, Plaintiff Alexis Paret, as husband of Plaintiff Reina Rodriguez, has suffered damages and has been deprived of his wife's full society, care,

comfort, companionship, and has otherwise suffered a loss of consortium.

## IV. DAMAGES

31. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 30 as if fully contained herein.

32. As a result of Defendant's negligent acts, Plaintiffs have incurred serious and substantial past medical expenses, will continue incur medical expenses and will continue to endure physical and mental pain and suffering.

33. Plaintiff's injuries are permanent in nature, resulting in certain physical impairments.

34. Plaintiffs' injuries and damages were proximately caused by the negligence of Defendant.

**WHEREFORE**, Plaintiffs pray as follows:

(A) That summons and process issue and be served upon Defendant;

(B) For a trial by a jury comprised of twelve persons;

(B) That the Plaintiffs be awarded an appropriate sum to compensate for their injuries and damages;

(D) That Defendant be held liable for the damages incurred by Plaintiffs; and

(E) Such other and further relief as the Court deems just and proper.

Respectfully Submitted this, the 22nd day of February, 2022.

/s/ *Ashleigh R. Madison*
Ashleigh R. Madison
Georgia Bar No. 346027

SOUTHEAST LAW, LLC
1703 Abercorn Street
Savannah, Georgia 31401
(912) 662-6612
southeastlaw@gmail.com